IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DIGITALIRA.COM, LLC, a Delaware limited liability company, and ALTERNATIVE IRA SERVICES, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>THE KINGDOM TRUST COMPANY, a South Dakota corporation,<br><br>Defendant. | Case No. 4:19-cv-04147-KES<br><br>**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

TO DEFENDANT.

COMES NOW, above-named Plaintiffs, by and through counsel, and pursuant to F.R. Civ. P. 65, and moves this Court for an Order to:

1. Reinstate the status quo by affirmatively compelling Defendant The Kingdom Trust Company ("Defendant" or "KTC") to restore Plaintiffs DigitalIRA.COM, LLC ("Digital IRA") and Alternative IRA Services, LLC's ("Bitcoin IRA") (collectively, "Plaintiffs") access to account holder data for which Plaintiff Bitcoin IRA has been designated by the account holder as the account designated representative; and

2. Reinstate the status quo by affirmatively compelling Defendant to restore account holder access to Plaintiff Bitcoin IRA's online platform, thereby allowing the account holders to once again self-direct their retirement accounts online 24 hours a day, 7 days a week.

Plaintiffs so move on the following grounds: (1) Defendant KTC is the custodian of cryptocurrency assets belonging to its clients' individual retirement accounts ("IRAs"); (2) Plaintiff Digital IRA is an account service provider that facilitates the purchase, sale, and delivery of cryptocurrency assets on behalf of its clients relative to their self-directed IRA or 401k accounts; (3) Plaintiff Bitcoin IRA provides an online platform for clients to self-direct their accounts and communicate purchase or sale transactions of their IRAs' cryptocurrency assets to OTC liquidity providers; (4) Prior to August 23, 2019, Plaintiffs assisted clients in placing their IRA cryptocurrency assets in the possession of Defendant KTC; (5) In order for clients to access their account information on Bitcoin IRA's platform, KTC's clients designated Bitcoin IRA as their "account designated representative" ("ADR") to receive live data about their account status; (6) While those assets were in the possession of Defendant KTC, account holders could utilize the Bitcoin IRA online platform to manage their accounts, including performing real-time purchase and sale of cryptocurrency assets; (7) Based on the market volatility of cryptocurrency, it is critical that customers have real-time online access to their accounts to process purchases or sales, such as through the Bitcoin IRA platform; (8) As hundreds of KTC account holders began requesting that their assets be transferred to a competitor (with whom both Digital IRA and Bitcoin IRA were also doing business), Defendant has engaged in unconscionable business practices (as alleged in detail in the Complaint and attached declarations) to prevent this clear loss of business, to the detriment of Digital IRA, Bitcoin IRA, and Defendant's own account holders; (9) On August 23, 2019, Defendant unilaterally, without notice, and directly contrary to account holders' express directives, terminated Plaintiffs' access to client data, effectively shutting down the Bitcoin IRA online platform; and (10) As a result,

not only has Plaintiffs' ability to service these accounts been cut-off, but account holders cannot self-direct their accounts online in real-time to purchase and sell assets and accurately monitor their retirement accounts online.

In short, Defendant is holding the accounts of these departing clients hostage, while simultaneously defaming Plaintiffs to these clients and irreparably harming Plaintiffs' brand and reputation in the cryptocurrency IRA industry. As such, the Court should require Defendant to restore Plaintiffs' access to client data which, in turn, will restore account holder access to Plaintiffs' online platform. By issuing such relief, said account holders will once again be able to self-direct their individual retirement accounts online, 24 hours a day, 7 days a week.

In addition to issuing a temporary restraining order, Plaintiffs respectfully request that a hearing be set as soon as practicable to determine whether a preliminary injunction should issue that:

1. Enjoins Defendant from restricting Plaintiffs' access to account holder data for which Plaintiff Bitcoin IRA has been designated by the account holder as the account designated representative; and

2. Enjoins Defendant from restricting account holder access to Plaintiff Bitcoin IRA's online platform, thereby allowing the account holders to once again self-direct their retirement accounts online 24 hours a day, 7 days a week.

Additional support for the Motion is set forth in Plaintiffs' Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction and the affidavits and materials offered in support thereof, together with all files, records, and proceedings on file in this case.

            Respectfully submitted,

Dated:  August 28, 2019

            Cadwell, Sanford, Deibert & Garry, LLP

            /s/  Shawn Nichols
            Shawn Nichols
            200 E. 10th Street, Suite 200
            Sioux Falls, South Dakota 57104
            Telephone: (605) 336-0828
            snichols@cadlaw.com
            Attorney for Plaintiffs
            DIGITALIRA.COM, LLC and
            ALTERNATIVE IRA SERVICES, LLC