UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DIGITALIRA.COM, LLC and ALTERNATIVE IRA SERVICES, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> THE KINGDOM TRUST COMPANY, <br><br> Defendant. | 4:19-CV-04147-KES <br><br><br> ORDER STAYING PROCEEDINGS |

Plaintiffs, DigitalIRA.com, LLC and Alternative IRA Services, LLC, filed a complaint against defendant, the Kingdom Trust Company, seeking a temporary restraining order, preliminary and permanent injunctions, and money damages to redress injuries suffered by plaintiffs as a result of Kingdom Trust's alleged tortious conduct and breach of contract. Docket 1 ¶ 1. Kingdom Trust moves to dismiss or transfer the action based on the "first-filed" rule. Docket 13. Digital IRA opposes this motion. Dockets 20, 25. For the following reasons, the court stays this action pending resolution of Digital IRA's motion to dismiss the parallel action that was filed by Kingdom Trust in the Western District of Kentucky.

**BACKGROUND**

Digital IRA and Alternative IRA Services are Delaware limited liability companies with their principal places of business at the same address in Sherman Oaks, California. Docket 1 ¶¶ 2, 3. For the purposes of this motion, plaintiffs appear to operate as a single business entity and will be referred to

collectively as Digital IRA. Kingdom Trust is a South Dakota corporation with its principal place of business in Sioux Falls, South Dakota. *Id.* ¶ 5. Kingdom Trust provides self-directed individual retirement account (IRA) custodial services for its clients. Docket 14 at 1. A portion of the assets in some of these accounts is digital, held in cryptocurrency. *Id.* Digital IRA provides a technology platform for trading such cryptocurrency assets. *Id.* at 1-2.

Digital IRA refers its clients to self-directed trust custodians, like Kingdom Trust, so they can use Digital IRA's platform to manage investments in cryptocurrency. *Id.* ¶ 11. On September 5, 2018, Kingdom Trust and Digital IRA entered into a referral agreement. Docket 1 ¶ 23; Docket 1-1. The agreement provided that Digital IRA would refer some of its users to Kingdom Trust to serve as the customers' trust custodian in exchange for a referral fee from Kingdom Trust. Docket 1-1 at 2. Digital IRA referred numerous customers under the agreement, who used Digital IRA's online platform with Kingdom Trust's self-directed custodianship. Docket 1 ¶ 27.

In the spring of 2019, the Kingdom Trust-Digital IRA relationship began to deteriorate. Digital IRA entered into a custodial referral relationship with a separate trust custodian, BitGo Trust. Docket 14 at 7-8. Kingdom Trust was not a party to the referral contract. *Id.* at 8. Following the agreement, hundreds of Digital IRA customers who used Kingdom Trust as a custodian began requesting "in-kind" transfers of their IRA assets from Kingdom Trust to BitGo Trust. Docket 1 ¶ 27. According to Digital IRA, Kingdom Trust engaged in delay tactics to avoid effectuating the transfers. *Id.* ¶ 31.

In response to the alleged delay tactics, Digital IRA's CEO, Camilo Concha, sent a demand letter to Kingdom Trust. Docket 25 at 13-14. The letter threatened that if Kingdom Trust continued to delay the transfer of accounts to BitGo Trust, Digital IRA would report complaints about Kingdom Trust to the South Dakota Division of Banking. Docket 32-2 at 4. Concha threatened to instruct account owners to lodge their own complaints with the Division of Banking. *Id.* Concha, himself a Kingdom Trust customer, also threatened to spearhead a class action against Kingdom Trust by its customers. *Id.* In a July 3, 2019 email, Concha requested information about Kingdom Trust's agent for service of process. Docket 28-1 at 2.

Kingdom Trust and Digital IRA continued to disagree as to when and how Kingdom Trust was to transfer accounts to BitGo Trust. Docket 1 ¶¶ 37-44. On August 22, 2019, Kingdom Trust filed suit against Digital IRA in the Western District of Kentucky (the Kentucky action), alleging a variety of business torts and contract breaches related to the dispute. Docket 14-1. On August 23, 2019, Digital IRA sent a cease and desist letter to Kingdom Trust, demanding that it retract alleged defamatory statements made to Digital IRA customers. Docket 1 ¶ 53. Digital IRA filed its complaint in this action, in the District of South Dakota, on August 26, 2019. Docket 1.

**LEGAL STANDARD**

The first-filed rule "typically determines . . . which of two concurrent federal court actions should proceed to judgment." *Smart v. Sunshine Potato Flakes, LLC*, 307 F.3d 684, 687 (8th Cir. 2002). "The first-filed rule gives

priority, when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings." *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 503 n.2 (8th Cir. 1999). The standard is that "in the absence of compelling circumstances" the court should apply the first-filed rule. *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (internal quotation omitted). The decision whether to apply the first-filed rule is one that is within the discretion of the court. *See Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999). Federal courts have "an ample degree of discretion" in determining how best to administer multiple cases in the federal judicial system. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952).

## DISCUSSION

Digital IRA and Kingdom Trust agree that parallel actions, arising out of the same set of facts, are pending in the Western District of Kentucky and the District of South Dakota. Docket 14 at 18; Docket 25. The parties dispute, first, whether the case given priority under the first-filed rule is the first case where a defendant is served or the first case where the complaint is filed. Docket 25 at 6; Docket 30 at 2. Second, Digital IRA argues that even if the first-filed case, and not first-served, is given priority, circumstances surrounding the Kentucky and South Dakota actions warrant a departure from the rule. Docket 25 at 12. Kingdom Trust argues that such circumstances are not present here. Docket 30 at 5.

4

## I. Does the first-filed rule give priority to the first case filed or the first case served?

"To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc.*, 989 F.2d at 1006 (citing *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990)). Numerous courts have held that "jurisdiction attaches upon the filing of the complaint and not the service of it." *Med-Tec Iowa, Inc. v. Nomos*, 76 F. Supp. 2d 962, 970 (N.D. Iowa 1999). *See also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 n.3 (9th Cir. 1982); *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982); *Barber Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774, 778 (6th Cir. 1957); *Fat Possum Records, Ltd. v. Capricorn Records, Inc.*, 909 F. Supp. 442, 445 (N.D. Miss. 1995); *Marianna Imps., Inc. v. Helene Curtis, Inc.*, 873 F. Supp. 308, 309 (D. Neb. 1994); *Indianapolis Motor Speedway v. Polaris Indus., Inc.*, 2000 WL 777895, at *3 (S.D. Ind. Apr. 28, 2000) (holding courts "have overwhelmingly held that the date of service has no bearing upon a determination of which case was filed first").

"The rule that jurisdiction relates back to the filing of the complaint gives effect to Fed. Rules Civ. Proc. Rule 3, 28 U.S.C.A., which provides that '(a) civil action is commenced by filing a complaint with the court.'" *Hospah Coal Co.*, 673 F.2d at 1163. While the Eighth Circuit has not spoken on the issue, district courts in Nebraska and Iowa have found that jurisdiction attaches

5

when the complaint is filed, and thus have given priority to the first-filed complaint. *Med-Tec Iowa, Inc*, 76 F. Supp. 2d at 970 (N.D. Iowa); *Marianna Imp., Inc.*, 873 F. Supp. at 309 (D. Neb.). Two cases in the district of Minnesota found that the date of service controls the determination of when jurisdiction attaches. *Red Wing Shoe Co., Inc, v. B-Jays USA, Inc.*, 2002 WL 1398538, at *2 (D. Minn. June 26, 2002); *Nw. Airlines, Inc. v. Astraea Aviation Servs., Inc.*, 930 F. Supp. 1317 (D. Minn. 1996).

Kingdom Trust filed its complaint against Digital IRA in the Western District of Kentucky on August 22, 2019. Docket 14-1. Digital IRA filed its complaint in this court on August 26, 2019, four days after Kingdom Trust filed the Kentucky action. Docket 1. The Kentucky action was filed first for purposes of the first-filed rule, and jurisdiction attached in Kentucky before Digital IRA filed its complaint in the District of South Dakota. Thus, the Kentucky action receives priority under the first-filed rule.

**II.     Do "compelling circumstances" exist that warrant deviating from the first-filed rule?**

The first-filed rule is not rigid or inflexible but yields to the "interests of justice" when a court finds "compelling circumstances" to support not applying the rule. *Nw. Airlines, Inc.*, 989 F.2d at 1006 (citing *U.S. Fire Ins. Co.*, 920 F.2d at 488). The party that opposes the first-filed rule has the burden of showing compelling circumstances. *Lewis & Clark Reg'l Water Sys., Inc. v. Carstensen Contracting, Inc.*, 339 F. Supp. 3d 886, 892-93 (D.S.D. 2018) (citation omitted). When "compelling circumstances" support an inference of improper

6

anticipatory filing on the part of the first-to-file plaintiff, courts may deviate from the rule. *See Nw. Airlines, Inc.*, 989 F.2d at 1006.

The Eighth Circuit has recognized several red flags signaling compelling circumstances that may justify a departure from the first-filed rule. *Anheuser-Busch, Inc.*, 167 F.3d at 419; *see also Boatmen's First Nat'l Bank v. Kan. Pub. Emps. Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995). The first red flag is that the first-filed party was on notice that the other party was going to file suit because the other party announced its intention to sue. *Anheuser-Busch*, 167 F.3d at 419; *see also Nw. Airlines*, 989 F.2d at 1007. The second red flag is that the first-filed action is for declaratory judgment, rather than a claim for damages or equitable relief. *Nw. Airlines*, 989 F.2d at 1007. A court may also consider (i) the amount of time elapsed between the date the first-filer received notice of a possible lawsuit against it and the filing of the first-filed lawsuit, (ii) the failure of the first-filer to allege that the other party's claims have an adverse impact on them that necessitated a rush to the courthouse, (iii) evidence that the first-filer indicated in some manner to the other party that it would not sue, (iv) reliance by the other party on an indication that the first-filer would not sue, and (v) the ultimate filing of a surprise complaint by the first-filer. *See BuilderTrend Sol., Inc. v. VBConversions, LLC*, 2017 WL 6017507, at *4 (D. Neb. Oct. 4, 2017) (citing *Anheuser-Busch*, 167 F.3d at 419).

In *Northwest Airlines*, the Eighth Circuit affirmed the district court's finding that circumstances were not "compelling" enough to deviate from the first-filed rule. *Nw. Airlines*, 989 F.2d at 1007. There, the defendant argued

that the plaintiff was on notice of the defendant's intent to later file suit. *Id.* at 1003. The defendant's general counsel told the plaintiff that he "ha[d] never much fancied being a plaintiff, but you folks may drive us to it" several weeks before the Minnesota action was filed. *Id.* (emphasis omitted).

The defendant also argued that because the plaintiff's first-filed suit in Minnesota was for declaratory relief, circumstances pointed towards a "race to the courthouse." *Id.* at 1004. The district court rejected both arguments and stayed the later-filed case in the District of Texas, finding that these factors were not compelling enough to warrant a departure from the first-filed rule. *Id.* The Eighth Circuit affirmed the district court holding. *Id.* at 1007.

Here, Digital IRA states that Kingdom Trust had notice Digital IRA was planning to file suit before Kingdom Trust filed the Kentucky action. Docket 25 at 12. Digital IRA refers to a June 20, 2019 letter sent to Kingdom Trust by Camilo Concha, Digital IRA's CEO. *Id.* at 13-14. The letter threatened that if Kingdom Trust continued its "spurious behavior," Digital IRA would inform the South Dakota Division of Banking of complaints against Kingdom Trust. Docket 32-2 at 4. Concha also threatened to instruct Kingdom Trust account owners to lodge their own complaints. *Id.* Additionally, Concha, himself a Kingdom Trust customer, threatened to spearhead a class action against Kingdom Trust by its customers. *Id.* In a July 3, 2019 email, Concha requested contact information for Kingdom Trust's agent for service of process. Docket 28-1 at 2.

The Digital IRA notice is less of a clear threat to commence litigation than that alleged by the defendant in *Northwest Airlines*, where the court declined to deviate from the first-filed rule. Here, Digital IRA threatened to file administrative complaints and asked for contact information of an agent for service of process. Docket 14-1; Docket 28-1 at 2. Concha threatened to sue as an account holder, but not a suit by the business entity Digital IRA. Docket 32-2 at 4. In *Northwest Airlines,* defendant's general counsel noted that he disliked being a plaintiff, a clear reference to filing suit. 989 F.2d at 1003. But the district court found the statement insufficient to place the plaintiff on notice. *Id.* Concha's threats of administrative action and a class action by account holders is similarly insufficient to warrant departure from the first-filed rule. And Kingdom Trust did not seek declaratory judgment in the Kentucky action, further weakening the factors warranting departure from the first-filed rule relative to those present in *Northwest Airlines*. Docket 14-1 at 54. Additionally, here, even if the June 20th or July 3rd communications were sufficient to put Kingdom Trust on notice, Kingdom Trust did not rush to the courthouse. It waited over six weeks before commencing the Kentucky action.

Digital IRA asserts that the court should deviate from the first-filed rule because this case is "further along" than the one filed in Kentucky. Docket 25 at 16. In support, it references *Orthmann v. Apple River Campground, Inc.* and *Anheuser-Busch,* two cases where courts found "compelling circumstances" to deviate from the first-filed rule. *Id.* (citing *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 120-21 (8th Cir. 1985); *Anheuser-Busch,* 167

9

F.3d at 417). In *Orthmann*, the second-filed case had been dismissed by the district court and appealed to the Seventh Circuit, who reversed the district court and remanded the case. 765 F.2d at 120-21. In *Anheuser-Busch*, discovery was nearly completed in the second-filed district, and a trial on the merits was already scheduled. 167 F.3d at 419.

Here, the parties have submitted briefs on the motion to dismiss and expedite and on Digital IRA's request for a temporary restraining order. Dockets 1, 4, 14, 20, 25, 30, 35. The court has not ruled on the merits of Digital IRA's complaint or request for TRO. This case is distinguishable from *Orthmann* and *Anheuser-Busch*, where years had passed after the second complaints were filed and the parties had expended substantial resources litigating in the second-filed jurisdictions. This case is not so much "further along" than the Kentucky action that the first-filed rule should be ignored.

Digital IRA also claims that because litigation is more convenient for the parties in South Dakota than Kentucky, the Kentucky action – despite being the first-filed proceeding – should be the one stayed or transferred. Docket 25 at 16-18. This assumes that analysis under the first-filed rule matches the requirements for a transfer under 28 U.S.C. § 1404(a). Section 1404(a) grants district courts authority to transfer a civil action "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). But a motion to transfer under the first-filed rule is not governed by § 1404(a). *See Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017). Thus, the court will not balance

convenience factors to determine whether the first-filed rule should be followed here.

Digital IRA notes that it plans on contesting personal jurisdiction in the Kentucky action. Docket 25 at 7. The Eighth Circuit does not view challenges to jurisdiction in the parallel proceeding as a factor when determining whether to depart from the first-filed rule. *See Anheuser-Busch*, 167 F.3d at 419 (listing factors the Eighth Circuit considers when determining whether to deviate from the first filed rule). And "the Eighth Circuit has not held that a court can apply the first-filed rule only after it is established that personal jurisdiction in the first venue is proper." *Advanced Physical Therapy*, 2017 WL 9717215, at *2. Rather, the unresolved question of personal jurisdiction points towards staying this action in South Dakota pending resolution of the Kentucky jurisdictional issue, instead of dismissing it or transferring venue to Kentucky.

**CONCLUSION**

The parties agree that parallel actions exist in the Western District of Kentucky and the District of South Dakota. The first-filed rule dictates that the first-filed action, here the Kentucky action, takes priority over the second action. The circumstances present do not warrant departure from this rule. The action is stayed, pending resolution of Digital IRA's personal jurisdiction challenge in Kentucky. Thus, it is

ORDERED that the motion to dismiss or transfer venue (Docket 13) is granted. This action is stayed until further order of the court.

Dated September 13, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE